%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KINEE, SHERRIANNE | PHILADELPHIA POLICE OFFICER THOMAS LICIARDELLO |

**(b)** County of Residence of First Listed Plaintiff   **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC,   1500 J.F.K. Blvd.,, Ste. 1850, Phila. PA 19102 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983

Brief description of cause:
Plaintiff was denied her constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE       DOCKET NUMBER

DATE   8/4/2014

SIGNATURE OF ATTORNEY OF RECORD

Patrick G. Geckle, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:   2321 North Hancock Street, Philadelphia, PA 19133

Address of Defendant: Claims Unit, One Parkway Bldg., 1515 Arch Street, 14ᵗʰ Floor, Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction   Jasper and Arlene Streets, Philadelphia , PA

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                        Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                         Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                         Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                         Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                         Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
     (Please specify)

# ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Patrick G. Geckle, Esquire_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _8/4/2014_____   _____   _26718_____
                              Attorney-at-Law                Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is **not related** to any case now pending or within one year previously terminated action in this court **except as noted above.**

DATE: _8/4/2014_____   _____   _26718_____
                              Attorney-at-Law                Attorney I.D.#

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   2321 North Hancock Street, Philadelphia, PA 19133

Address of Defendant: Claims Unit, One Parkway Bldg., 1515 Arch Street, 14th Floor, Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction   Jasper and Arlene Streets, Philadelphia , PA

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐      No☒

Does this case involve multidistrict litigation possibilities?          Yes☐     No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Patrick G. Geckle, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/4/2014 _____          26718
                    Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is **not related** to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/4/2014 _____          26718
                    Attorney-at-Law          Attorney I.D.#

**APPENDIX I**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SHERRIANNE KINEE | : | CIVIL ACTION |
| | : | |
| v | : | |
| PHILADELPHIA POLICE OFFICER | : | |
| THOMAS  LICIARDELLO, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )


| | | |
|---|---|---|
| 8/4/2014 | **Patrick G. Geckle** | **Sherrianne Kinee** |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-567-1998 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHERRIANNE KINEE                              :
2321 North Hancock Street                     :
Philadelphia, PA 19133                        :
                                              :
      vs.                                     :
                                              :
POLICE OFFICER THOMAS LICIARDELLO             :   Civil Action No.
BADGE NUMBER 4383                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :   JURY TRIAL DEMANDED
Philadelphia, PA 19102-1595                   :
      and                                     :
POLICE OFFICER JOHN SPEISER                   :
BADGE NUMBER 7169                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   :
      and                                     :
POLICE OFFICER PERRY BETTS                    :
BADGE NUMBER 6761                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   :
      and                                     :
POLICE OFFICER MICHAEL SPICER                 :
BADGE NUMBER 5180                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building             :
1515 Arch Street, 14th Floor                  :
Philadelphia, PA 19102-1595                   :
      and                                     :
POLICE OFFICER SERGEANT GORMAN                :
BADGE NUMBER 8821                             :
Individually and as a police officer          :
for the City of Philadelphia                  :
c/o City of Philadelphia Law Department :

```
Claims Unit, One Parkway Building        :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19102-1595              :
      and                                :
POLICE OFFICER SERGEANT JOSEPH McCLOSKEY:
BADGE NUMBER 331                         :
Individually and as a police officer     :
for the City of Philadelphia             :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building        :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19102-1595              :
      and                                :
POLICE OFFICER JOHN WALKER               :
BADGE NUMBER PRESENTLY UNKNOWN            :
Individually and as a police officer     :
for the City of Philadelphia             :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building        :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19102-1595              :
        and                              :
POLICE OFFICER JOHN DOES 1 - 25          :
BADGE NUMBERS PRESENTLY UNKNOWN           :
Individually and as a police officer     :
for the City of Philadelphia             :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building        :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19102-1595              :
      and                                :
POLICE OFFICER JANE DOES 1 - 25          :
BADGE NUMBER PRESENTLY UNKNOWN            :
Individually and as a police officer     :
for the City of Philadelphia             :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building        :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19102-1595              :
      and                                :
CITY OF PHILADELPHIA                     :
c/o City of Philadelphia Law Department :
Claims Unit, One Parkway Building        :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19102-1595              : Attorney I.D. # 26718
```

## COMPLAINT

### Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

### Parties

2. Plaintiff, Sherrianne Kinee, is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Police Officer Thomas Liciardello, Police Officer John Speiser, Police Officer Perry Betts, Police Officer Michael Spicer, Police Officer Sergeant Gorman, and Police Officer Sergeant Joseph McCloskey.

4. Defendant, Police Officer Thomas Liciardello, Badge Number 4383, is a police officer for the City of Philadelphia Police Department acting under color of state law. He is being sued in his individual and official capacity.

5. Defendant, Police Officer John Speiser, Badge Number 7169, is a police officer for the City of Philadelphia Police Department

3

acting under color of state law.  He is being sued in his individual and official capacity.

6.  Defendant, Police Officer Perry Betts, Badge Number 6761, is a police officer for the City of Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

7.  Defendant, Police Officer Michael Spicer, Badge Number 5180, is a police officer for the City of Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

8.  Defendant, Police Officer Sergeant Gorman, Badge Number 8821, is a police officer for the City of Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

9.  Defendant, Police Officer Sergeant Joseph McCloskey, Badge Number 331, is a police officer for the City of Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

10.  Defendant, Police Officer John Walker, is a police officer for the City of Philadelphia Police Department acting under color of state law.  He is being sued in his individual and official capacity.

11.  Defendants, Police Officers John Does 1 through 25, were at all times relevant hereto employed by the City of Philadelphia

4

as a police officer for the Philadelphia Police Department acting
under color of state law and within the course and scope of their
employment with the Philadelphia Police Department.  They are being
sued in their individual and official capacity.

12.  Defendants, Police Officers Jane Does 1 through 25, were
at all times relevant hereto employed by the City of Philadelphia
as a police officer for the Philadelphia Police Department acting
under color of state law and within the course and scope of their
employment with the Philadelphia Police Department.  They are being
sued in their individual and official capacity.

13.  At all relevant times, all Defendants were acting in
concert and conspiracy and their actions deprived Sherrianne Kinee
of his constitutional and statutory rights.

### Factual Allegations

14.  On or about December 22, 2010 at or about 2:00 p.m.,
Plaintiff, Sherrianne Kinee, was walking towards a school located
at Jasper and Arlene Streets in the City of Philadelphia to pick up
her nephew.  Without reasonable suspicion, probable cause, or any
other legal justification she was seized by Defendant Police
Officers Spicer and Betts.  One or both demanded that Plaintiff
give them her cell phone.

15.  Plaintiff initially refused to give her cell phone to the
Defendant officer but she was told by one of the Defendant officers
that she matched the description of someone who had stolen a cell

phone.  That statement was false and the Defendant officers knew it was false.  Further, they advised her that if she did not immediately turn over her cell phone she would be arrested.  At that point, Plaintiff turned over her cell phone, and her cell phone was illegally searched.  To this day Defendants' have failed and refused to return Plaintiff's cell phone without legal justification.

16.  Immediately after Plaintiff turned over her cell phone to the Defendant police officers, she was handcuffed, placed in the back of an SUV by one of the Defendant police officers.  She was taken to home in the 2900 block of Ruth Street.  At this point, Plaintiff had done nothing in violation of any of the laws of the Commonwealth of Pennsylvania and she was seized by the Defendants without reasonable suspicion, probable cause, or any other legal justification.

17.  When the SUV arrived at a home in the 2900 block of Ruth Street, Plaintiff was pulled out of the SUV by Defendant Betts, Spicer, Speiser, Liciardello, Walker and/or Sergeant Gorman.

18.  At the point where Plaintiff was placed in handcuffs the Defendant police officers started to verbally abuse her asking "Why is a white girl dealing with these people in this neighborhood." Defendant Liciardello told her that "You must be some kind of nigger lover and you should just kill yourself."  Plaintiff asked if she was under arrest and one of the Defendant police officers

6

laughed at her and stated "Are you stupid."

19. After Plaintiff was taken out of the SUV, she was grabbed with great force by Officer Liciardello and pushed violently almost knocking her to the ground, despite the fact that she was not in anyway resisting Defendant Liciardello or any of the other police officers.

20. Plaintiff was brought into the house located in the 2900 block of Jasper Street where she was confronted by Defendants Spicer, Speiser, Betts, Liciardello and Walker. All of the Defendants began to scream at her demanding to know "Where is the money. You better f_ _ _ing show us where the money is." She was also threatened by the Defendants but if she did not show them where "the money" was they would call DHS and have her daughter taken away from her. Plaintiff, who had committed no crime and had never been arrested before, began to cry and explain that she did not live in that house and had no knowledge or the whereabouts of any money.

21. After several minutes she was grabbed by Defendant Betts and taken to another house across the street, still in handcuffs. Shortly thereafter, Defendants Speiser and Liciardello also came to that house and began to scream at Plaintiff and threatened her demanding to know where the money was. Defendant Liciardello repeatedly called her a "nigger lover." Defendant Betts repeatedly called her a "stupid lying bitch."

7

22.   Plaintiff was taken to the 24th District Police Station where she was charged with manufacturing/delivering/possession with the intent to deliver, a felony, criminal conspiracy, a felony, and possession of a controlled substance.  She was later transported to the Police Detention Unit where she was held on $25,000.00 bail for approximately 48 hours before she was finally released after being able to post bail.

23.   The Defendant officers all gave false statements concerning the incident described in this complaint.  All Defendant officers prepared and/or caused to be prepared police paperwork misrepresenting the events that lead to the arrest of the Plaintiff for the incident described in this complaint.  Those misrepresentations included, but were not limited to:

      a.   Plaintiff was observed obtaining narcotics from a blue vehicle and handing them to a young black male who then in turn sold some of the narcotics to Defendant Police Officer Spicer.

      b.   Plaintiff was found in a home where narcotics were recovered.

24.   The Defendant police officers were aware of exculpatory information about the Plaintiff which they willfully refused to turn over to the District Attorney's Office.

25.   The Defendant officers failed to provide exculpatory information known to them to Plaintiff or her criminal counsel via

8

police paperwork or any other means after her arrest.

26.   The exculpatory information known to police that was not provided to the Plaintiff included the real facts and circumstances concerning her arrest.

27. The Defendant officers, in anticipation of the charging of the Plaintiff, willfully misrepresented the events that led to the arrest of the Plaintiff.  These misrepresentations were intentional, malicious, in bad faith, recklessly indifferent and deliberately indifferent to the right of the Plaintiff.

28.   Plaintiff had to obtain private criminal counsel to represent her and had to expend various sums of money in order to mount a defense against the false and malicious charges.

29.   In a letter dated Defendant 3, 2012, the District Attorney of Philadelphia, Seth Williams, announced that in an exercise of "prosecutorial discretion," his office:

        a.   would no longer call some or all of the Defendant
             officers as witnesses in narcotics cases;

        b.   would no longer approve narcotics cases for charging
             in which some and/or all of the Defendant officers
             were a necessary witness; and

        c.   would no longer approve any search or arrest warrants
             in narcotics cases where some and/or all of the
             Defendant officers were the affiant.

30.   This decision rested on knowledge that some and/or all of

9

the Defendant officers in this matter had engaged in conduct
raising questions about their integrity and law-abidingness while
on duty.

31.   At the time of this incident, and for some years before,
law enforcement at the highest levels knew of integrity,
corruption, and civil rights violation issues involving some and/or
all of the Defendant officers.  Federal agents and federal
prosecutors knew.  The current Philadelphia Police Commission, his
predecessors, and some of his subordinates knew.  Former District
Attorney Lynn Abraham and some of her subordinates, as well as her
successor in office knew.  The basis of this knowledge was
information from multiple sources including, but not limited to,
federal investigations, internal investigations, questions raised
by state and federal prosecutors, and other sources.

32.   As a result of District Attorney Williams' decision, all
charges against Plaintiff were dismissed on December 11, 2012.

33.   As a direct and proximate result of the Defendants'
actions, Plaintiff, Sherrianne Kinee, was deprived of rights,
privileges and immunities under the Fourth, fifth, Sixth, and
Fourteenth Amendments to the United States Constitution and, in
particular, the right to be free from excessive force, the right to
be free from unlawful arrest, the right to be free from unjustified
searches, the right to be free from malicious prosecution, and the
right to due process of law.  Plaintiff was similarly deprived of

10

the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

34. The actions and/or inactions of the Defendants violated the clearly established federal constitutional rights of the Plaintiff to freedom from use of excessive, unreasonable, and unjustified force against their person, the right to be free from malicious prosecution, and the right to due process of law.

35. The actions taken by the Defendants in this matter were taken under color of state law. Those actions are not limited to the aforementioned conduct.

36. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Plaintiff has lost employment opportunity, suffered physical pain, loss of liberty, anxiety, fear, mental harm, and other financial loss.

37. As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution as well as parallel provisions of the Pennsylvania Constitution and in particular the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be victim of conspiracies of state actors to

11

violate the aforementioned clearly established rights.

38.   The actions and/or inactions of the Defendants violated
the clearly established federal and state constitutional rights of
the Plaintiff to be free from excessive force, the right to be free
from unlawful arrest, the right to be free from unjustified
searches, the right to be free from malicious prosecution, and the
right to due process of law.

**COUNT I**

**42 U.S.C. § 1983 Against Defendant Officers**
**Excessive Force**

39.   Paragraphs 1 through 38 are incorporated herein by
reference as though fully set forth.

40.   Plaintiff was damaged and injured as set forth above under
42 U.S.C. § 1983 by Defendant officers in that they, as described
in detail in preceding paragraphs, violated Plaintiff's
constitutional rights while acting under color of law.   More
specifically, Defendant Officers intentionally acted to cause a
harmful and/or offensive contact with Plaintiff's person and such
actions were the actual and proximate cause of Plaintiff's harm.

41.   As a result of the above actions, Plaintiff demands
judgment against Defendant Officers in the amount of all damages,
including compensatory damages and punitive damages, plus interest,
injunctive relief, such other relief as appears reasonable and
just, as well as reasonable attorney fees and costs under 42 U.S.C.

12

§ 1988.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers
### Battery

42.   Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43.   Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with Plaintiff's person and such actions were the actual and proximate cause of Plaintiff's harm.

44.   As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

## COUNT III

### 42 U.S.C. § 1983 Against Defendant Officers
### Assault

45.   Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46.   Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More

13

specifically, Defendant officers intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiff's harm.

47.  As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

**COUNT IV**

**Supplemental State Law Claim Against Defendant Officers
Assault**

48.  Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

49.  Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiff's harm.

50.  As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and

14

just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

## COUNT V

### 42 U.S.C. § 1983 Against Defendant Officers
### Unlawful Arrest

51.   Paragraphs 1 through 50 are incorporated herein by reference as though fully set forth.

52.   Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More specifically, Defendant officers acted with the intent to arrest Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

53.   As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

## COUNT VI

### Supplemental State Law Claim Against Defendant Officers
### False Imprisonment

54.   Paragraphs 1 through 53 are incorporated herein by

15

reference as though fully set forth.

55.  Plaintiff was damaged and injured as set forth above by Defendant officers in that they acted with the intent to confine Plaintiff unlawfully and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's harm.

56.  As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

**COUNT VII**

**42 U.S.C. § 1983 Against Defendant Officers
Unjustified Search**

57.  Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More specifically, Defendant officers demanded Plaintiff hand over her cell phone to them to be searched or be arrested.  Plaintiff had a reasonable expectation of property without probable cause or a warrant issued at the proper time, or without an exception to the

16

warrant requirement, and such action was the direct and proximate cause of Plaintiff's harm.

59.   As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

### COUNT VIII

### 42 U.S.C. § 1983 Against Defendant Officers
### Malicious Prosecution

60.   Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61.   Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More specifically, Defendant officers seized and arrested Plaintiff, and instituted criminal proceedings against Plaintiff without probable cause and with malice.  These proceedings terminated in favor of the Plaintiff.  Defendants' conduct was the direct and proximate cause of Plaintiff's harm.

62.   As a result of the above actions, Plaintiff demands judgment against Defendant Officers in the amount of all damages,

17

including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

### COUNT IX

### Supplemental State Law Claim Against Defendant Officers
### Malicious Prosecution

63.   Paragraphs 1 through 62 are incorporated herein by reference as though fully set forth.

64.   Plaintiff was damaged and injured as set forth above by Defendant officers in that they instituted criminal proceedings against Plaintiff without probable cause and with malice and where such proceedings were terminated in favor of the Plaintiff.

65.   As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

### COUNT X

### 42 U.S.C. § 1983 Against Defendant Officers
### Conspiracy

66.   Paragraphs 1 through 65 are incorporated herein by reference as though fully set forth.

18

67.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.  More specifically, Defendant officers, acting in concert and conspiracy, committed acts in violation of the Plaintiff's constitutional rights and against the laws of Pennsylvania.  The Defendant officers acted in conspiracy to violate the Plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.  Such actions were the direct and proximate cause of Plaintiff's harm.

68.  As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

## COUNT XI

### Supplemental State Law Against Defendant Officers
### Conspiracy

69.  Paragraphs 1 through 68 are incorporated herein by reference as though fully set forth.

70. Defendant officers acting in concert and conspiracy,

19

committed acts in violation of the Plaintiff's constitutional rights and against the laws of Pennsylvania.  The Defendant officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

71.  As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

## COUNT XII

### Supplemental Claim of Intentional Infliction of Emotional Distress Against All Defendant Officers

72.  Paragraphs 1 through 71 are incorporated herein by reference as though fully set forth.

73.  Plaintiff was damaged and injured as set forth above by Defendant officers in that they intentionally and/or recklessly caused Plaintiff severe emotional distress by their extreme and outrageous conduct.

74.  As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C.

§ 1988.

## COUNT XIII

### Supplemental Claim of Negligent Infliction of Emotional Distress Against All Defendant Officers

75.   Paragraphs 1 through 74 are incorporated herein by reference as though fully set forth.

76.   Plaintiff was damaged and injured as set forth above by Defendant officers in that they negligently caused Plaintiff severe emotional distress by their extreme and outrageous conduct and where Plaintiff's emotional distress resulted in the manifestation of physical symptoms.

77.   As a result of the above actions, Plaintiff demands judgment against Defendant officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988.

## COUNT XIV

### 42 U.S.C. § 1983 Against Defendant City of Philadelphia

78.   Paragraphs 1 through 77 are incorporated herein by reference as though fully set forth.

79.   Plaintiff was damaged and injured as set forth above under 42 U.S.C. § 1983 by Defendant officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's

21

constitutional rights while acting under color of law.  Prior to July 31, 2012 the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

80.  It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

81.  It was the policy and/or custom of the City of Philadelphia to fail sufficiently supervise against, train and/or re-train against, and discipline against illegal police activity, including but not limited to excessive force, unlawful detention, failure to intervene against other officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

82.  There has been a longstanding history, which has been extensively documented since the 1980s, of Philadelphia police officers engaging in rampant illegal conduct in narcotics investigations.  A non-exhaustive list of such conduct includes:

   a.  In the early 1980s in the "One Squad Scandal," a group of Philadelphia narcotics officers were

convicted of selling drugs that they had stolen from dealers.

b. During the decade between 1980-1989 a lieutenant and three officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in federal convictions for, inter alia racketeering.

c. In or around February 1995 Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These officers planted drugs on innocent individuals, conducted unreported raids and stole from suspects.

d. In 1997 federal drug convictions were overturned as a result of a 1998 Internal Affairs finding that narcotics Officer John Boucher was a potentially corrupt police officer.

e. In the last five years numerous narcotics officers-- including, as described supra, some and/or all of the Defendant officers in this matter--have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as the result of a series of articles by Philadelphia

23

Daily News reports known as "Tainted Justice,"
Philadelphia Police Officers Jeffrey Cujdik, Richard
Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph
Bologna, and Thomas Deabler have all be assigned to
either desk duty or non-narcotics related
assignments.  Those officers engaged in raids of
small convenience shops in Philadelphia in which they
disabled surveillance systems to hide their conduct,
which included theft of cash and groceries.  Jeffrey
Cujdik routinely alleged criminal behavior in search
warrants involving a confidential informant who
subsequently denied having provided information or
services on many of the cases in which Cujdik
affirmed he had.

83.    It was the policy and/or custom of the City of
Philadelphia to inadequately supervise and train its police
officers, including the Defendant officers, against a code of
silence or "blue code" of officers refusing to intervene against or
provide truthful information against constitutional violations and
other unlawful misconduct committed by their fellow officers.

84.    As a result of the above described policies and customs
and/or the lack thereof, police officers of the City of
Philadelphia, including the Defendant officers, believed that their
actions would not be properly monitored by supervisory officers and

24

that misconduct would not be investigated or sanctioned, but would
be tolerated.

85.  As a result of the above actions, Plaintiff demands
judgment against Defendant officers in the amount of all damages,
including compensatory damages and punitive damages, plus interest,
injunctive relief, such other relief as appears reasonable and
just, as well as reasonable attorney fees and costs under 42 U.S.C.
§ 1988.

<b><u>COUNT XV</u></b>

<b>Supplemental Claim of Negligent Hiring, Retention,<br>and Supervision against Defendant City of Philadelphia</b>

86.  Paragraphs 1 through 85 are incorporated herein by
reference as though fully set forth.

87.  Defendant City of Philadelphia failed to exercise
reasonable care in the hiring, retention, and supervision of the
Defendant police officers with such failure being the direct and
proximate cause of Plaintiff's injuries.

88.  As a result of the above actions, Plaintiff demands
judgment against Defendant officers in the amount of all damages,
including compensatory damages and punitive damages, plus interest,
injunctive relief, such other relief as appears reasonable and
just, as well as reasonable attorney fees and costs under 42 U.S.C.
§ 1988.

25

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle,
Attorney I.D. No.: 26718
PATRICK G. GECKLE, LLC
Two Penn Center, Ste. 1850
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 567-1998 - fax
E-Mail: pgeckle@pgglaw.com
Counsel for Plaintiff